# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SHARON ROSE WALKER,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC and COMENITY CAPITAL BANK,

    Defendants.

Case No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, SHARON ROSE WALKER (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax") and COMENITY CAPITAL BANK (hereinafter "Comenity") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICATION, VENUE, AND PARTIES

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as the principal address of Equifax is in this District; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9. Plaintiff is a natural person and resident of New Castle County in the State of Delaware. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Equifax is a corporation headquartered at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

11. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13. Comenity is a FDIC insured state-chartered bank headquartered at 12921 S Vista Station Boulevard, Draper, Utah 84020 that conducts business in the State of Georgia.

14. Comenity is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15. Comenity furnished information about Plaintiff to the CRAs, including but not limited to Equifax, which was inaccurate.

## FACTUAL ALLEGATIONS

16. Plaintiff is alleged to have an account with Comenity, account number ending x6596 (hereinafter "Comenity Account") regarding a Boscov's credit card. Plaintiff does not have a Comenity account, nor has she ever given permission to anyone to apply using her information for an account with Comenity.

17. In or about April 2023, Plaintiff visited a Boscov's store to purchase new glasses. At that time, Plaintiff applied for a Boscov's credit card, and to her surprise, her application was denied.

18. Shortly thereafter, Plaintiff received a letter in the mail from Comenity explaining her credit application was denied because she already had a Boscov's credit card.

4

19. Knowing this was false, Plaintiff immediately called Comenity and found out they had an account that listed her Social Security number, but not her name. Comenity refused to provide any more information, and Plaintiff disputed the Comenity Account as fraudulent.

20. On or about April 11, 2023, Plaintiff filed a police report with the Delaware State Police regarding the fraudulent Comenity Account and identity theft.

21. Shortly thereafter, Plaintiff obtained a copy of her Equifax credit report and saw the incorrect name "Sharon Ayers" on her credit report, who she believed stole her identity. Further, Plaintiff observed the fraudulent Comenity Account was being reported.

22. In or about April 2023, Plaintiff called Equifax to dispute the Comenity Account. She advised the account was not hers and was fraudulent.

23. On or about April 29, 2023, Equifax responded to Plaintiff's telephonic dispute by stating the Comenity Account was verified as accurate.

24. Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, Comenity.

25. Equifax never attempted to contact Plaintiff during the alleged investigation.

26. Upon information and belief, Equifax notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

27. Due to the continued inaccurate reporting, in or about May 2023, Plaintiff again called Equifax to dispute the erroneous Comenity Account.

28. On or about May 20, 2023, Equifax responded to Plaintiff's telephonic dispute by stating the Comenity Account was verified as accurate.

29. Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, Comenity.

30. Equifax never attempted to contact Plaintiff during the alleged investigation.

31. Upon information and belief, Equifax notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

32. Sometime later, Plaintiff called Comenity again who advised the Comenity Account was closed, and a letter was sent to Plaintiff. However, Plaintiff never received that correspondence.

33. On or about November 6, 2023, Plaintiff obtained a copy of her Equifax credit report. Upon reviewed, Plaintiff observed a name, address, and hard inquiry which did not belong to her. Further, Plaintiff observed the Comenity Account continued to be reported with a status of closed and "Pays as Agreed" and a balance of $3,121.

34. Due to the continued inaccurate reporting, on or about November 9, 2023, Plaintiff mailed a detailed written dispute letter to Equifax. Plaintiff explained that she believed she was a victim of identity theft and advised there was a name, address, and hard inquiry reported that was not hers. Further, Plaintiff stated the Comenity Account was not hers and did not belong to her. Plaintiff included an image of her driver's license and 1099 tax document to confirm her identity. Plaintiff also included images of the erroneous credit reporting, an image of the denial letter from Comenity, and images of her filed police report with the Delaware State Police.

35. Plaintiff mailed her detailed dispute letter to Equifax via USPS Certified Mail, tracking number 9589 0710 5270 1483 5853 71.

36. On or about December 16, 2023, despite providing images of her driver's license and 1099 tax document, Equifax responded to Plaintiff's dispute letter by stating they needed proof of identification from Plaintiff.

37. On or about December 24, 2023, Equifax responded to Plaintiff's detailed written dispute letter by stating the Comenity Account had been removed from Plaintiff's credit file.

38. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

   ii. Loss of time attempting to cure the errors;

   iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

   iv. Reduction in credit score;

   v. Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score; and

   vi. Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

39. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

40. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

41. Equifax allowed for Furnisher(s) to report inaccurate information on an account.

42. Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

43. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

44. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

45. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SHARON ROSE WALKER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Equifax Information Services LLC (Willful)

46. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

47. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

48. Equifax allowed for Furnisher(s) to report inaccurate information on an account.

49. Equifax prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

50. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

51. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

52. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SHARON ROSE WALKER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment

interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

53. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

54. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

55. Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

56. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

57. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

58. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SHARON ROSE WALKER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

59. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

60. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing

to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

61. Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

62. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

63. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

64. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SHARON ROSE WALKER, respectfully requests that this Court award actual or statutory damages and punitive damages against

Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Comenity Capital Bank (Negligent)

65. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

66. Comenity furnished inaccurate account information to the CRAs, including but not limited to Equifax, and through Equifax to all of Plaintiff's potential lenders.

67. After receiving Plaintiff's disputes, Comenity violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Equifax; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

68. Plaintiff provided all the relevant information and documents necessary for Comenity to have identified that the account was fraudulent.

69. Comenity did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Comenity by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

70. Comenity violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax after it had been notified that the information it was furnishing was inaccurate.

71. As a direct result of this conduct, action, and/or inaction of Comenity, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

72. The conduct, action, and inaction of Comenity was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

73. Plaintiff is entitled to recover costs and attorney's fees from Comenity in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SHARON ROSE WALKER, respectfully requests that this Court award actual damages against Defendant, COMENITY CAPITAL BANK, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C § 1681s-2(b) as to Defendant, Comenity Capital Bank (Willful)

74. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-eight (38) above as if fully stated herein.

75. Comenity furnished inaccurate account information to the CRAs, including but not limited to Equifax, and through Equifax to all of Plaintiff's potential lenders.

76. After receiving Plaintiff's disputes, Comenity violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Equifax; and (4) failing to permanently and lawfully correct

its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

77.   Plaintiff provided all the relevant information and documents necessary for Comenity to have identified that the account was fraudulent.

78.   Comenity did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Comenity by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

79.   Comenity violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax after it had been notified that the information it was furnishing was inaccurate.

80.   As a direct result of this conduct, action, and/or inaction of Comenity, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

81. The conduct, action, and inaction of Comenity was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

82. Plaintiff is entitled to recover costs and attorney's fees from Comenity in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SHARON ROSE WALKER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, COMENITY CAPITAL BANK, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHARON ROSE WALKER, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC and

COMENITY CAPITAL BANK, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 26th day of January 2024.

Respectfully Submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorneys for Plaintiff*